United States District Court
District of Massachusetts

| | |
|---|---|
| Keith D. Healy,<br><br>    Plaintiff,<br><br>    v.<br><br>Deutsche Bank National Trust Company and Ocwen Loan Servicing, LLC.,<br><br>    Defendants. | Civil Action No.<br>18-10483-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

The motion to reopen the above-captioned case currently before this Court arises out of a dispute in 2018 with respect to a mortgage foreclosure between plaintiff Keith Healy ("Healy" or "plaintiff") and defendants Deutsche Bank ("Deutsche Bank") and Ocwen Loan Servicing LLC ("Ocwen" and together with Deutsche Bank, "defendants"). This action was settled by agreement of the parties and dismissed by this Court in May of 2019.

In September, 2021, defendants filed a motion to rescind the foreclosure, void the foreclosure deed and reinstate the original mortgage (Docket No. 26). This Court denied the motion for relief because its jurisdiction over the closed matter was not evident. On January 6, 2022, defendants filed another motion (Docket No. 28) requesting the same relief.

-1-

Defendants' January, 2022, motion again failed to address how this Court had jurisdiction over an action which, at that time, had been closed for almost three years. In response to defendants' motion, this Court ordered defendants to provide the Court with 1) adequate proof of service of the pending motion to the plaintiff or an attorney representing him, and 2) a satisfactory explanation of how it is authorized a) to exercise jurisdiction over this long-dismissed action and b) to rescind a foreclosure deed and reinstate a mortgage.

On May 9, 2022, in the motion now pending, defendants provided the requested proof of service and an explanation of the Court's powers in equity to rescind a foreclosure and reinstate a mortgage (Docket No. 32), but they did not suggest any basis for this Court's jurisdiction over the closed action. Without the benefit of any such explanation, jurisdiction is an unsurmountable problem.

Indeed, the Supreme Court has held that enforcement of a settlement agreement in a case that has been dismissed "is more than just a continuation or renewal of the dismissed suit and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). The First Circuit Court of Appeals has noted that a

> 60-day order procedure has developed as a mechanism for the trial courts to bring cases to closure while

retaining jurisdiction to enforce a settlement for a period of time after closure is announced. Pratt v. Philbrook, 109 F.3d 18, 22 n.5 (1st Cir. 1997); see also Lipman v. Dye, 294 F.3d 17, 20-21 (1st Cir. 2002).

The Court order of dismissal in this case employed such a 60-day order retaining jurisdiction but that retention lapsed well before defendants first raised the issue of rescinding the mortgage in order to consummate the settlement agreement.

### ORDER

For the foregoing reasons, defendants' motion to reopen the case and set aside foreclosure (Docket No. 32) is **DENIED**, without prejudice to defendants' pursuit of a remedy in state court and/or, if the facts so permit, filing a new action in federal court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: November 3, 2022